STATE OF LOUISIANA,
v.
TERRANCE K. TODD.
No. 2009 KA 0430.
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
Not Designated for Publication.
HON. SCOTT M. PERRILLOUX, District Attorney, ANGEL MONISTERE, PATRICIA PARKER, Assistant District Attorneys, Attorneys for State of Louisiana.
MARY E. ROPER, Attorney for Defendant-Appellant. TERRANCE K. TODD
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
The defendant, Terrance K. Todd, was charged by bill of information with possession with intent to distribute crack cocaine, a violation of La. R.S. 40:967(A)(1). He pled not guilty. Following a trial by jury, the defendant was convicted as charged. The trial court sentenced the defendant to imprisonment at hard labor for twenty-two years. The defendant now appeals. Finding no merit in the assigned error, we affirm the defendant's conviction and sentence.

FACTS
On February 7, 2006, Thad Gratier of the Hammond Police Department was patrolling a high crime area in an unmarked vehicle when he observed the defendant wave down a passing vehicle. Once the vehicle stopped, the defendant approached and conducted what appeared to be an illegal drug transaction. As Officer Gratier and other officers approached, the driver of the vehicle pulled off, and the defendant fled on foot. A chase ensued. The defendant was eventually apprehended and placed under arrest. A plastic bag with approximately thirteen pieces of suspected crack cocaine was found at the defendant's feet when he was captured. Chemical analysis revealed that the rock-like substances contained cocaine.

CHALLENGE FOR CAUSE
In his sole assignment of error, the defendant contends the trial court abused its discretion in granting the state's challenge for cause of prospective juror Vernon Banks. Specifically, he asserts Banks should not have been excluded because he indicated that he could apply the law as given to him and could be fair to both sides.
Initially, we note that the defendant argues in his brief that the basis for the cause challenge against Banks was his admission that the defendant was his "neighbor" and that he did not want to see his neighbor go to jail. The record reflects that while Banks did make these particular responses during voir dire, they were not the reason for the state's cause challenge against this prospective juror. The state challenged Banks for cause based upon his voir dire responses regarding personal experiences that created bias toward police. Specifically, Banks indicated that he personally observed a police officer plant drugs in an individual's vehicle. He explained that because he is human, this observation would come into play when deciding the case. In ruling on the cause challenge, the trial court noted that by the time the defense attempted to rehabilitate Banks, the damage (the revealed bias towards the Hammond Police Department) was too "far gone." The trial court granted the challenge and dismissed prospective juror Banks for cause.
The defendant does not have the right to question this ruling on appeal. Louisiana Code of Criminal Procedure article 841(A) provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." The record reflects that defense counsel failed to object after the court granted the state's challenge for cause as to Banks. Thus, the issue was not properly preserved for appellate review. La. Code Crim. P. art. 841. Furthermore, La. Code Crim. P. art. 800(B) clearly provides that a defendant cannot complain of the trial court's erroneous allowance to the state of a challenge for cause; unless the effect of the ruling is the exercise by the state of more peremptory challenges than it is entitled to by law. An examination of the record reveals that the state only exercised two peremptory challenges in selecting the twelve-person jury. Since the trial court's alleged error did not afford the state more than the twelve challenges to which it is entitled under La. Code Crim. P. art. 799, this alleged error does not give rise to a claim for relief. Therefore, even if the prospective juror was erroneously dismissed for cause, the defendant has no basis for complaint on appeal. See State v. Thibodeaux, 97-1636, pp. 20-21 (La. App. 3 Cir. 11/18/98), 728 So.2d 416, 426-427, writ denied, 98-3131 (La. 5/7/99), 741 So.2d 27, cert. denied, 528 U.S. 936, 120 S.Ct. 341, 145 L.Ed.2d 266 (1999). This assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.